IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES FLOWERS                                                                                       PETITIONER
ADC #138492

V.                                  CASE NO. 5:16-cv-00272 DPM-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                                      RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **Instructions**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**Disposition**

BEFORE THE COURT is the Petition for Writ of Habeas Corpus (DE #2) filed by James Flowers, Petitioner, on August 30, 2016. A Pulaski County Circuit Court found Flowers guilty of capital murder and four counts of aggravated robbery. He received life without the possibility of parole for the capital murder charge and 480 months on each aggravated robbery count; however, the sentences were ordered to run concurrently. The Arkansas Supreme Court affirmed the conviction on April 10, 2008. *See Flowers v. State*, 373 Ark. 119, 282 S.W.3d 790 (2008).

Petitioner subsequently sought postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The initial filings were pro se, but he thereafter retained private counsel to represent him.  The Pulaski County Circuit Court held an evidentiary hearing on February 28, 2013, and denied the relief sought that same day orally from the bench.  The written order was filed April 29, 2013.  Flowers postconviction counsel filed a notice of appeal on March 8, 2013, and pursuant to Rule 4(a) of the Arkansas Rules of Appellate Procedure—Civil, this notice of appeal is deemed to have been filed on April 30, 2013 ("A notice of appeal filed after the circuit court announces a decision but before the entry of the judgment, decree, or order shall be treated as filed on the day after the judgment, decree, or order is entered."). Petitioner's attorney failed to perfect the appellate record by filing a brief, and on October 10, 2013, the Arkansas Supreme Court granted the Arkansas Attorney General's motion to dismiss appeal based upon that failure. *See Flowers v. State*, 2013 Ark. 401 (per curiam).  The Arkansas Supreme Court also referred counsel to the Committee on Professional Conduct.  A complaint before that Committee included an affidavit from Flowers's wife, Janet Flowers, that she was made aware of counsel's abandonment in October 2013, shortly after receiving the court's appeal dismissal.  In January 2015, Petitioner filed a motion for reconsideration of his Rule 37 appeal with the Arkansas Supreme Court.  The Court denied the motion by per curiam issued November 19, 2015.  *See* Respondent's Exhibit G-6, at DE #12-14.

As noted previously, Flowers filed the instant petition on August 30, 2016. Respondent, Wendy Kelley, filed a response to the petition on October 24, 2016. In her response, Kelley contends that the petition is time-barred by the Antiterrorism and Effective Death Penalty Act (AEDPA) and procedurally defaulted. (DE #12). Petitioner acknowledges in his petition that his petition is untimely on its face; however, he avers that he is actually innocent and that he is entitled to statutory and equitable tolling because his appellate counsel was ineffective. For the reasons that follow, the undersigned finds that the habeas petition lacks merit and recommends to the district judge that it be dismissed with prejudice.

Statute of Limitations

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Supreme Court affirmed Flowers conviction on April 10, 2008. Flowers had ninety days to seek certiorari from the United States Supreme Court; therefore, his conviction became final when his time to seek certiorari expired on July 9, 2008. *See Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir.2002) ("The Supreme Court rules require that a petition for certiorari be filed within ninety days from the denial of discretionary review by a state court of last resort[.]") Unless some tolling can be applied, the petition was to be filed no later than July

9, 2009. Flowers did not file the instant petition until 2016, and it is untimely as he rightfully acknowledges.

The Rule 37 petition temporarily tolled the statute of limitations. A "properly filed" Rule 37 petition would toll the statute of limitations while the petition was pending in state court. *See* § 2244(d)(2). The petition was properly filed, and it tolled the limitations period temporarily; however, when counsel failed to perfect the appeal from the denial of Rule 37 relief, the Arkansas Supreme Court dismissed the appeal on October 10, 2013, and the limitations period was no longer tolled. Only "properly filed" and pending applications toll the limitation period under 28 U.S.C. § 2244(d)(2). *See Lewis v. Norris*, 454 F.3d 778 (2006). Because the state court found Flowers failed to perfect his appeal under its rules, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). At the latest, Flowers had to file his federal habeas petition by October 10, 2014, and he did not file it until August 30, 2016. Therefore, the petition is barred by the statute of limitations unless Flowers can demonstrate that he is entitled to equitable tolling.

There is no reason to believe that equitable tolling would be appropriate in this instance. *Pace v. DiGuglielmo*, 544 at 418 (The one-year statute of limitation may be equitably tolled only if the movant shows "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.). Flowers brought the current action almost two years after the limitations period had expired.

He claims that his appellate counsel's gross negligence should warrant equitable tolling. "An attorney's negligence or mistake is not generally an extraordinary circumstance however 'serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013). Even if counsel's actions constituted an extraordinary circumstance, Flowers would not be able to show that he acted with reasonable diligence. He acknowledges that he knew counsel had not perfected his appeal shortly after it was dismissed; however, he did not file his habeas petition but instead pursued an ethics complaint against counsel. Nothing prevented him from doing both simultaneously.

Procedural Default

The claims are also procedurally defaulted. Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas

relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Because Flowers failed to present any of his arguments for one *complete* round of review by the state courts, his claims are procedurally defaulted, and ineffective assistance of postconviction counsel does not establish cause sufficient to excuse the default. *See Charron v Gammon*, 69 F.3d 851, 858 (8th Cir. 1995) ("there is no entitlement to the effective assistance of state postconviction counsel, any ineffectiveness of that counsel may not serve as "cause"). Since no cause has been shown, the undersigned need not reach the issue of prejudice.

Flowers claims actual innocence as a ground for relief; however, the United States Supreme Court "has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of

constitutional error. *Dansby v. Hobbs*, 766 F.3d 809. 816 (8th Cir. 2014). The Court has established that the threshold for any such claim, if recognized, would be "extraordinarily high." *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). The undersigned finds that Petitioner does not meet the extraordinarily high threshold that might support relief based on a showing of actual innocence. Were the Court to construe the claim as an excuse for procedural default, it would also fail. The United States Supreme Court made it clear in *McQuiggins* that a claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1936 (2013). However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United State*, 249 F.3d 747, 749 (8th Cir. 2001). Additionally, a petitioner must establish that (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs*, F.3d 921, 934 (8th Cir. 2012). Here, Flowers shows neither factual innocence nor new evidence. His claim is simply insufficient and does not excuse the procedural default.

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be DISMISSED, that all pending motions be DENIED AS MOOT, and that the relief prayed for be DENIED.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Flowers has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 8th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE