# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**JAMES FLOWERS**  **PETITIONER**
**ADC #138492**

v.   Case No. 5:16-cv-00272-KGB/JTK

**WENDY KELLEY,** *Director*  **RESPONDENT**
**Arkansas Department of Correction**

## ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 35). Petitioner James Flowers filed objections (Dkt. No. 38). After careful review of the Proposed Findings and Recommendations, a *de novo* review of the record, and a review of all of Mr. Flowers' objections thereto, the Court adopts the Proposed Findings and Recommendations (Dkt. No. 35).

Here, the Proposed Findings and Recommendations decide the matter on procedural grounds, ultimately holding that Mr. Flowers' petition must be dismissed because he is in procedural default and his petition is time-barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations. As set forth in the Proposed Findings and Recommendations, Judge Kearney found that Mr. Flowers is not entitled to equitable tolling of the AEDPA's one-year statute of limitations because Mr. Flowers failed to demonstrate the requisite diligence (Dkt. No. 35, at 4-6). Further, Judge Kearney recommended that Mr. Flowers' procedural default not be excused because Mr. Flowers failed to show actual innocence or new evidence (*Id.*, at 6-8). In his objections, Mr. Flowers reasserts his actual innocence and argues that, because his counsel abandoned him during his state-court initial collateral-review appeal, the

Court should excuse his procedural default and equitably toll the one-year statute of limitations that applies to his federal habeas petition (Dkt. No. 38, at 58-67).

Mr. Flowers admits that his failure to perfect his state court collateral appeal placed him in procedural default (*Id*., at 20). "As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (internal quotes omitted) (alterations in original). "The bar to federal review may be lifted, however, if the prisoner can demonstrate cause for the [procedural] default [in state court] and actual prejudice as a result of the alleged violation of federal law." *Id*. (internal quotations omitted) (alterations in original).

Assuming without deciding that Mr. Flowers demonstrated cause for his procedural default and actual prejudice as a result of the same, he is not entitled to equitable tolling of the one-year statute of limitations that applies to his federal habeas petition. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Mr. Flowers admits that he knew that his attorney was not pursuing a federal habeas case, and his only argument for why he did not timely file a habeas petition is that he was pursuing an ethics complaint against his attorney (Dkt. No. 38, at 65). As Judge Kearney notes, nothing prevented Mr. Flowers from pursuing the ethics complaint and a habeas petition at the same time. Accordingly, Mr. Flowers did not "pursu[e] his rights diligently," *Holland*, 560 U.S.

at 649, and is not entitled to equitable tolling of the one-year statute of limitations which applies to his habeas petition.

The Court therefore dismisses Mr. Flowers' petition, denies as moot all pending motions, and denies the requested relief (Dkt. No. 2). Mr. Flowers' request for a certificate of appealability is denied because Mr. Flowers has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (determining that a substantial showing of the denial of a federal right requires a demonstration that reasonable jurists could debate whether, or for that matter agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.).

So ordered this the 16th day of July, 2018.

Kristine G. Baker
United States District Judge